IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  16-cv-02304

MEGAN MCFADDEN,
LONNIE WHITE, and
ANTONIO "A.J." WHITE,

      Plaintiffs,

v.

MEEKER HOUSING AUTHORITY[1], a Property Management Company,
MELINDA PARKER, an individual,
MICHELLE BUCKLER, an individual,
EDY GEORGE, an individual,
ROBERT BARR, an individual, and,
STACIE KINCHER, an individual,

      Defendants.

_____

**CERTIFICATE PURSUANT TO FRCP 65(b)(1)(B) AND D.C.COLO.LCivR 65.1**
_____

      Pursuant to FRCP 65(b)(1)(B) and D.C.COLO.LCivR 65.1, Plaintiffs' counsel do hereby state and certify as follows:

      1.      As more fully described in Plaintiffs' Complaint and Motion for Emergency Temporary Restraining Order and Preliminary Injunction, this case arises from threats by

---

[1] The Meeker Housing Authority is listed as the name of the property company that runs the Meeker Family and Elderly Housing facility at 980 Karen Court, Meeker, CO 81641, also referred to as Karen Court.  *See* U.S. DEP'T OF HOUS. AND URBAN DEV., COLORADO AFFORDABLE HOUSING GUIDE 20, *available at* http://portal.hud.gov/hudportal/documents/huddoc?id=COAffordableHsgGuide.pdf.  Despite being a business within Colorado, Meeker Housing Authority is listed as an expired trade name on the Colorado Secretary of State website.  No registered agent is linked to the Meeker Housing Authority, and according to the Colorado Secretary of State website, no current entities are registered with the names Meeker Family and Elderly Housing or Karen Court.  Meanwhile, the Meeker Housing Authority continues to do business with the U.S. Department of Housing and Urban Development, *see id.*, while appearing not to be authorized to do business within the state of Colorado.

Defendants to immediately evict Plaintiffs Lonnie and A.J. White (collectively "Plaintiffs") expressly because of their disability-related need for companion animals in their apartment. Defendants actions, as described in those pleadings, violate the Fair Housing Act, as amended, 42 U.S.C. § 3601, *et seq.*, and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

2. Plaintiffs were served with Defendants' 30-Day Notice to Vacate their apartment on August 16, 2016.

3. Plaintiffs retained undersigned counsel to represent them in their claims against Defendants for violations of their civil rights.

4. Plaintiffs filed their Complaint and Jury Demand on September 12, 2016 at approximately 9:56 a.m.

5. Plaintiffs' counsel then attempted to provide notice of the imminent filing of Plaintiffs' Motion for Emergency Temporary Restraining Order and Preliminary Injunction as follows:

6. At approximately 11:11 a.m., an agent of Plaintiffs' counsel telephoned Meeker Housing Authority ("MHA") at (970) 878-5536, which is the phone number found for MHA on Google. Defendant Stacie Kincher answered. Agent for Plaintiffs' counsel identified himself as a legal investigator working for an attorney seeking information on how to serve legal documents on Meeker Housing Authority. Agent for Plaintiffs' counsel asked Ms. Kincher whether he had reached the Meeker Housing Authority, and she confirmed that he had. Agent for Plaintiffs' counsel asked Ms. Kincher for the name of the registered agent of Meeker Housing Authority and Ms. Kincher provided the name of the leasing agent for MHA. Agent for Plaintiffs' counsel then explained that he needed the name of the registered agent or a person who could accept

2

legal documents on behalf of the Meeker Housing Authority directly.  Ms. Kincher responded that she could accept legal documents on behalf of MHA.

7. At approximately 11:22 a.m., Plaintiffs' counsel attempted to call Defendant Stacie Kincher at (970) 878-5536, the phone number found for Meeker Housing Authority/Meeker Family and Elderly Housing (also known as "Karen Court") on the following document made publicly available by the United States Department of Housing and Urban Development ("HUD"):

http://portal.hud.gov/hudportal/documents/huddoc?id=COAffordableHsgGuide.pdf.  Plaintiffs' counsel received a busy signal.

8. At approximately 11:26 a.m., Plaintiffs' counsel telephoned Defendant Melinda Parker on her personal cell phone.  Plaintiffs' counsel Siddhartha Rathod left a voicemail for Ms. Parker identifying himself and asking for a return phone call.

9. At approximately 11:27 a.m., Plaintiffs' counsel called Defendant Robert Barr on his personal cell phone and reached him on the phone.  Plaintiffs' counsel Siddhartha Rathod explained that he represented Plaintiffs Megan McFadden, Lonnie White, and A.J. White with regard to Defendants' no-pet policy and that he had filed a federal court complaint earlier that morning.  Mr. Rathod added that he represented Lonnie and A.J. White with regard to their potential eviction proceedings and explained that he would be filing a motion for temporary restraining order in that federal action seeking to enjoin any eviction proceedings.  Mr. Barr then notified Plaintiffs' counsel that he was no longer a Board member and that he had relocated out of state.  Based on this new information, Plaintiffs will be amending their complaint to dismiss Mr. Barr from the litigation.

10. At approximately 11:36 a.m., Plaintiffs' counsel reached Defendant Stacie Kincher by telephone at (970) 878-5536. Mr. Rathod provided a similar explanation as that provided to Mr. Barr. Mr. Rathod also notified Ms. Kincher that he was not seeking to discuss the facts of the case, but was instead seeking to notify her of the complaint and the impending motion for temporary restraining order. Ms. Kincher responded that she understood and she offered to waive service of the complaint and of the motion for temporary restraining order, providing undersigned counsel with her email address. At approximately 12:28 p.m., undersigned counsel emailed Ms. Kincher (1) a copy of the Complaint and Jury Demand; (2) a copy of the Entry of Appearance filed by Laura B. Wolf; (3) a Notice of Lawsuit and Request for Waiver of Service for herself and for Meeker Housing Authority; and (4) a blank Waiver of Service of Summons for herself and for Meeker Housing Authority.

11. At approximately 1:21 p.m., undersigned counsel received a response from Ms. Kincher rescinding her offer to waive of service without explanation.

12. At approximately 11:44 a.m., Plaintiffs' counsel called Defendant Michelle Buckler on her personal cell phone and reached her on the phone. Mr. Rathod provided a similar explanation as those provided to Mr. Barr and Ms. Kincher. Mr. Rathod also notified Ms. Buckler that he was not seeking to discuss the facts of the case, but was instead seeking to notify her of the complaint and the impending motion for temporary restraining order. Ms. Buckler responded that she understood. Ms. Buckler offered to waive service of the complaint and of the motion for temporary restraining order, asking undersigned counsel to email the documents directly to her. At approximately 12:30 p.m., undersigned counsel emailed Ms. Buckler (1) a copy of the Complaint and Jury Demand; (2) a copy of the Entry of Appearance filed by Laura

B. Wolf; (3) a Notice of Lawsuit and Request for Waiver of Service for herself; and (4) a blank Waiver of Service of Summons for herself.

13. At approximately 12:03 p.m., Mr. Rathod received a return call from Defendant Melinda Parker. Mr. Rathod provided a similar explanation as those provided to Mr. Barr, Ms. Kincher, and Ms. Buckler. Mr. Rathod also notified Ms. Parker that he was not seeking to discuss the facts of the case, but was instead seeking to notify her of the complaint and the impending motion for temporary restraining order. Ms. Parker responded that she understood. Ms. Parker offered to waive service of the complaint and of the motion for temporary restraining order, asking undersigned counsel to email the documents and forms to Defendant Kincher. At approximately 12:28 p.m., undersigned counsel emailed Ms. Parker, c/o Ms. Kincher, (1) a copy of the Complaint and Jury Demand; (2) a copy of the Entry of Appearance filed by Laura B. Wolf; (3) a Notice of Lawsuit and Request for Waiver of Service for herself; and (4) a blank Waiver of Service of Summons for herself.

14. At approximately 11:49 a.m., Plaintiffs' counsel telephoned Defendant Edy George on her personal cell phone. Mr. Rathod left a voicemail for Ms. George identifying himself and asking for a return phone call.

15. During Plaintiffs' counsel's call with Ms. Kincher at 11:36 a.m., Ms. Kincher notified Plaintiffs' counsel that Kim Kendall was a new Board Member for the Meeker Housing Authority. Based on this new information, Plaintiffs will be amending their Complaint to add Ms. Kendall as a defendant. At approximately 11:51 a.m., Plaintiffs' counsel telephoned Ms. Kendall on her personal cell phone. Mr. Rathod left a voicemail for Ms. Kendall identifying himself and asking for a return phone call. Ms. Kendall has not yet returned Mr. Rathod's phone call.

16. At approximately 2:02 p.m., Plaintiffs' counsel telephoned Defendant Edy George on her personal cell phone. Ms. George did not answer and has not yet returned Mr. Rathod's earlier phone call.

17. Undersigned counsel was present for all conversations attested to herein between Mr. Rathod and Defendants.

18. Plaintiffs' counsel are in the process of arranging for a messenger service or for the Rio Blanco County Sheriff's Department to hand-deliver copies of Plaintiffs' Complaint as well as Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction and this Certificate as follows:

    a. To Defendant Kincher at her place of work, Meeker Housing Authority, 875 Water Street, Meeker, CO 81641 or at what Plaintiffs understand to be her home address as listed in the Summons [ECF No. 1-5], 741 Water Street, Meeker, CO 81641.

    b. To Defendant Meeker Housing Authority c/o Stacie Kincher at its office address, 875 Water Street, Meeker, CO 81641.

    c. To Defendant Edy George at what Plaintiffs understand to be her home address as listed in the Summons [ECF No. 1-4], 1082 Pinyon Ave., Meeker, CO 81641.

    d. To Defendant Melinda Parker at what Plaintiffs understand to be her home address as listed in the Summons [ECF No. 1-6], 173 1st Street, Apt 1, Meeker, CO 81641.

    e. To Defendant Michelle Buckler at what Plaintiffs understand to be her home address as listed in the Summons [ECF No. 1-3], 1160 Main Street, Meeker, CO 81641.

19. Plaintiffs respectfully submit that notice should not be required before this Court issues a temporary restraining order for many of the same reasons outlined in their pleadings today.  Plaintiffs are two low-income tenants on housing assistance facing eviction in the immediate future simply for daring to ask their landlord to comply with long-standing federal law.  Moreover, because the housing subsidy is connected to the unit, Plaintiffs will lose their subsidized housing if they are forced to move.  Plaintiffs gravely fear eviction, the costs of moving, homelessness, and the effect of an eviction on their housing record – all for an eviction that would be in direct violation of federal law.  Plaintiffs have also, multiple times, sought to resolve the issue of their companion animals directly with Defendants, meaning that Defendants are aware that Plaintiffs have sought to prevent their eviction by obtaining a reasonable accommodation permitting their companion animals in their apartment.  Finally, Plaintiffs seek only to maintain the status quo – that of continuing to pay their rent and quietly enjoy their apartment, which neither they nor their cats have damaged to date – and feel that Defendants' refusals to engage in any type of meaningful, interactive process with them leaves them no choice but to do so via this emergency motion.

Respectfully submitted this 13th day of September, 2016.

                RATHOD | MOHAMEDBHAI LLC

                *s/ Laura B. Wolf*
                Laura B. Wolf
                Siddhartha H. Rathod
                Matthew J. Cron
                2701 Lawrence Street, Suite 100
                Denver, CO 80205

(303) 578-4400 (t)  
(303) 578-4401 (f)  
lw@rmlawyers.com  
sr@rmlawyers.com  
mc@rmlawyers.com  

ATTORNEYS FOR PLAINTIFFS

8

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 13th day of September, 2016, a true and correct copy of the foregoing **CERTIFICATE PURSUANT TO FRCP 65(b)(1)(B) AND D.C.COLO.LCivR 65.1** was filed with the Clerk of Court using the CM/ECF system and was delivered to Defendants via hand-delivery and electronic mail as follows:

Stacie Kincher
875 Water Street
Meeker, CO 81641 or
741 Water Street
Meeker, CO 81641
mha@nctelecom.net

Meeker Housing Authority
c/o Stacie Kincher
875 Water Street
Meeker, CO 81641
mha@nctelecom.net

Edy George
1082 Pinyon Ave.
Meeker, CO 81641

Melinda Parker
173 1st Street, Apt 1
Meeker, CO 81641
mha@nctelecom.net

Michelle Buckler
1160 Main Street
Meeker, CO 81641
Via electronic mail at her private email address

                 *s/ Laura B. Wolf*
                 Laura B. Wolf