IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02304-WJM-GPG

MEGAN MCFADDEN,
LONNIE WHITE, and
ANTONIO "A.J." WHITE,

    Plaintiffs,

V.

TOWN OF MEEKER, COLORADO, a municipality,
MEEKER HOUSING AUTHORITY, a governmental entity,
MELINDA PARKER, an individual,
MICHELLE BUCKLER, an individual,
EDY GEORGE, an individual, and
STACIE KINCHER, an individual,

    Defendants.

---

### DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR ADMISSIONS TO DEFENDANT MEEKER HOUSING AUTHORITY

---

Defendant Meeker Housing Authority ("MHA"), by and through their attorney Stephen J. Baity, hereby submit the following Objections and Responses to Plaintiff's First Set of Interrogatories and Requests for Admissions to Defendant Meeker Housing Authority.

### GENERAL OBJECTIONS

    A.    Defendants object to the extent the discovery seeks to impose a duty to respond beyond that provided in Federal Rules of Civil Procedure.

    B.    Defendants object to the extent the discovery requests are vague, overbroad, ambiguous, or unduly burdensome.

1

     C.     Defendants object to the extent the discovery seeks information or materials protected from disclosure under the attorney-client privilege, the protection for work product, or the protection for materials prepared in anticipation of litigation or for trial.

     D.     Defendants object to each discovery request that is not limited in time so as to be reasonably related to the issues pertinent in this case, on the ground that it is overly broad, unduly burdensome, and oppressive, and seeks information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

     E.     Discovery and investigation in this matter are ongoing. These responses are based upon information now known to Defendants. Defendants reserve the right to rely on any facts, documents, or changes in law that may develop or come to its attention subsequent hereto. These discovery requests are therefore set forth without prejudice to Defendants' right to assert additional objections or supplemental responses, should it discover additional documents, facts, or grounds for objection. Defendants reserve the right to amend, modify, or supplement these responses at any time prior to trial.

     F.     Defendants object to the extent that the discovery requests are (a) unreasonably cumulative or duplicative, (b) have already been pursued through other discovery or disclosures, or (c) seek information obtainable from some other source that is more convenient less burdensome, and/or less expensive.

G.  Nothing herein shall be construed as an admission by Defendants respecting the admissibility or relevance of any fact or document, or as an admission of the truth or accuracy of any characterization contained in the discovery requests, or related to any document of any kind requested by the discovery request.

H.  Defendants object to any interrogatory or request for production that is a contention in style, seeking each and every fact, opinion, contention or document relating to an issue, and/or indiscriminately encompassing the entire scope of the pleadings.

I.  Defendants object to the instructions contained in Plaintiff's discovery requests, which create a duty in responding to the discovery that is beyond the duty required by the Federal Rules of Civil Procedure.

J.  Each response to any discovery request is subject to the General Objections set forth, and Defendants incorporate these General Objections by reference. These objections form a part of the response to each and every other request and are set forth herein to avoid the duplication and repetition of restating them for each response. These General Objections may be referred to specifically in a response to certain discovery requests for the purposes of special emphasis or in the interest of clarity. However, the failure to specifically incorporate a General Objection in a response shall not be construed as a waiver thereof. Similarly, the assertion of additional objections in a response to any particular discovery request shall not be construed as a waiver of any General Objections.

## AUTHENTICATION

Invoke Attorney-Client privilege with respect to answering Interrogatories and Requests for Production of Documents.

## INTERROGATORIES

**Interrogatory No. 1:** Besides this lawsuit, state whether you have ever been involved, as either a party or a witness, in any other arbitration, lawsuit, other litigation proceeding (whether civil or criminal) or administrative proceedings, and if so, for each such matter state whether you were a party or a witness; the name of the action, the case file number, and the location of the court or administrative forum in which the action or proceeding was pending; and the ultimate disposition of the action or proceeding.

**RESPONSE: Not that we are able to identify.**

**Interrogatory No. 2:** Please identify and describe in detail each and every investigation that was conducted (whether formal or informal, and whether pending or concluded) by any individual or entity related to the allegations in Plaintiffs' Complaint (including but not limited to Defendant, any regulatory agency/entity, administrative agency/entity, law enforcement agency/entity, media, and/or any insurance company).  Your response should describe with particularity the date(s), scope and nature of each such investigation(s), identification of any and

all individuals involved in any capacity in such investigation(s) by name, address and telephone number, a description of all documents associated with any such investigation(s), a list of any and all interviews and/or statements (whether written or unwritten and whether recorded or unrecorded) taken by and/or obtained from any individual and/or entity (including but certainly not limited to Defendants) that relate to any claims or defenses in this matter, the findings of any such investigations(s), and any and all actions taken as a result of the findings of any such investigations(s).

**RESPONSE: None to our knowledge.**

**Interrogatory No. 3**: Please identify with specificity each accommodation (regardless of whether you deemed the accommodation request unreasonable or unnecessary) that Plaintiffs requested from Defendants, including date of the requested accommodation(s), manner that the accommodation(s) request was communicated, the individual(s) who received the accommodation(s) request, all individuals involved with the addressing the accommodation(s) request, every response of Defendants to each accommodation request, and an explanation for why the accommodation(s) was either granted or denied, in whole or in part, and what actions, if any, Defendants took to accommodate Plaintiffs.

**RESPONSE: See the attached timeline.**

**Interrogatory No. 4:** Please explain whether you believe Plaintiffs were in violation of MHA's pet policy at the time Plaintiffs moved into and resided at Karen Court before MHA's

5

formulation of the June 16, 2016 no-pet policy (MCFADDEN 38-42). Please include any communications with Plaintiffs regarding their possession of assistance animals at Karen Court from the time Plaintiffs moved in until June 16, 2016 no-pet policy was issued, including but not limited to any warnings that they were not in compliance with MHA policy.

**RESPONSE: Objection: The Interrogatory is vague, ambiguous, and overbroad. Without waiving the objection, the lease agreements say no pets. To our knowledge, when Plaintiffs' moved into Karen Court they did not have pets. Sometime after they moved into the units they acquired pets which would have been in violation of the no-pet policy. See also the timeline identified in response to Interrogatory No. 3 and the Notices identified in Plaintiffs' disclosures and the documents disclosed by the Meeker Housing Authority.**

**Interrogatory No. 5**: Please describe in detail the discussion between Plaintiff Lonnie White and the MHA Board Members on July 20, 2016, including what Plaintiff asked what responses were given, and the name of the person(s) who gave those responses, as well as what questions were asked of Plaintiff, by whom, and Plaintiff's responses to said questions.

**RESPONSE: Objection: This Interrogatory is vague, ambiguous and overbroad. Without waiving the objection, the minutes for the July 20, 2016 meeting will be produced. See also Melinda Parker's responses to Plaintiffs' Interrogatories, Request for Production and Request for Admissions.**

6

**Interrogatory No. 6:** Please describe in detail the process by which you created each of MHA's no-pet policies, including but not limited to the June 16, 2016 and July 27, 2016 no-pet policies, including but not limited to who drafted the policy, who reviewed, approved, ratified, or objected to the policy, and what, if any, legal sources or guidelines were reviewed in the process of drafting the policy.

**RESPONSE: Megan McFadden's daughter was bit by a dog owned by another tenant in the Karen Court Apartments. The dog involved in the incident was allegedly a "comfort pet". In response to the Animal Control Officer's investigation, the therapist that had issued the comfort pet letter wrote a second letter rescinding the request for accommodation for the comfort pet. In an inspection of the Karen Court complex, it became apparent tenants had unauthorized pets that were defecting on the premises and allowed to be off their leashes. As the Director, I decided it was necessary to review the pet policy at Karen Court. I reviewed the language in the standard lease and I conferred with Mr. Ed Sands the lawyer used by the Meeker Housing Authority. The proposed revisions to the pet policy were provided to the Board for review and comment. I received additional confirmation from our attorney that the proposed changes to the pet policy were legal. I understand Mr. Sands did a legal analysis before reaching his conclusions. I do not know what materials he reviewed or the basis for his legal recommendations.**

**Interrogatory No. 7:** Please describe your basis for denying Plaintiffs Megan McFadden's and A.J. White's allegations that they are persons with a "handicap" and a "disability" as defined in 42 U.S.C. § 3602(h) and 24 C.F.R. § 8.3, including any investigation or inquiries you made with

7

respect to Plaintiffs' disabled status. Please state each and every reason supporting your basis for denying Plaintiffs' disabled status.

**RESPONSE: Objection: This Interrogatory is vague, ambiguous and overbroad. Whether Megan McFadden or A.J. White are disabled or handicapped is the subject of discovery in this litigation. To date, with the exception of the letters provided by Catherine Eliasen, Plaintiffs' have provided no support for their claim they are disabled. The Meeker Housing Authority has never made a determination that the Plaintiffs were or were not disabled. This is an issue for the jury to decide in this case. However, based on interaction with the Plaintiffs and based on observation of them, Megan McFadden and A.J. White do not appear to suffer from a mental impairment so substantial as to prevent them from working, attending school, driving a car, interacting with the public, and communicating with members of the Meeker Housing Authority Board.**

**Interrogatory No. 8:** Please describe in detail any efforts made after Plaintiffs provided notes from mental health and medical professionals in support of Plaintiffs' need for assistance animals to determine whether said notes complied with HUD's documentation requirements, who participated in that determination, when that determination was made, and the results of any determination, including whether there were any efforts to inform Plaintiffs that their notes did not comply with HUD's requirements for documentation. Your response should describe with particularity the dates(s) these alleged communications(s) occurred and identification of any and all individuals involved in any capacity with these alleged communications(s) with Plaintiffs.

8

**RESPONSE:  Objection:  This Interrogatory is vague, ambiguous and overbroad.  Without waiving the objection, the Meeker Housing Authority asked Ed Sands, its lawyer, to determine if the amendments to the pet policy complied with the law.**

**Interrogatory No. 9:**  Please explain in detail each and every reason for the decision to serve Plaintiffs a 30-Day Notice to Vacate in July and August 2016, including the identification of specific policies that Plaintiffs purportedly violated, specifying when discussions first occurred regarding the decision; who participated in the discussions and what role or position each person had; the information relied upon in making the decision; the individual(s) responsible for providing such information; and when, why, and by whom the decision was ultimately made.

**RESPONSE:  Objection:  This Interrogatory is vague, ambiguous and overbroad.  Without waiving the objection, Plaintiffs' agreed in the lease to abide by the no-pet policy.  When it became apparent they were in violation of the terms of the lease and the Meeker Housing Authority pet policy, the MHA provided the written notices.  The notices speak for themselves.  The Meeker Housing Authority did not institute a Forcible Entry and Detainer action to evict the Plaintiffs.**

**Interrogatory No. 10:**  Please identify and describe any and all of MHA's procedures, policies, and/or actual practices for handling tenant requests for reasonable accommodation and complaints of disability discrimination and retaliation.  Responsive information should include, but not necessarily be limited to, information regarding the processes a tenant must go through when making a request for a reasonable accommodation or an internal complaint of the nature

specified, the person or person(s) responsible for responding to the requests for reasonable accommodation and internal complaints by tenants, and the procedures the designated individuals(s) must go through when responding to such requests for reasonable accommodation and internal complaints, as well as information regarding training manuals, programs, and/or courses provided by Defendant MHA to its employees and Board members regarding the interactive process and disability discrimination and retaliation from 2014 to the present, including any and all modifications to such training during the responsive time period.

**RESPONSE: Objection: This Interrogatory is vague, ambiguous and overbroad. Without waiving the Objection: during the summer of 2016 the MHA did not have formal procedures for such a request.**

**Interrogatory No. 11:** Please describe in detail the relationship between MHA and the Town of Meeker (the "Town"), including but not limited to the Town's role in creating MHA, the Town's role in appointing MHA's Board members, and the Town's advisory role over MHA (*see* TOM 000262).

**RESPONSE: Objection: This Interrogatory is vague and ambiguous. Without waiving the objection, the Town of Meeker appoints the members of the board of the Meeker Housing Authority. Otherwise, there is no "relationship".**

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1**:  Please admit that Plaintiff Megan McFadden is a handicapped/disabled individual for purposes of the Fair Housing Act and the Rehabilitation Act. If your response is anything other than an unconditional admission, please fully explain why.

**RESPONSE:  Denied.**

**REQUEST FOR ADMISSION NO. 2**:  Please admit that Plaintiff Megan McFadden made at least one reasonable accommodation request to MHA that sought an exception, change, or adjustment to a rule, policy, practice, or service because of her disability on or after June 16, 2016.  If your response is anything other than an unconditional admission, please fully explain why.

**RESPONSE:  Admitted.**

**REQUEST FOR ADMISSION NO. 3**:  Please admit that Plaintiff A.J. White is a handicapped/disabled individual for purposes of the Fair Housing Act and the Rehabilitation Act. If your response is anything other than an unconditional admission, please fully explain why.

**RESPONSE:  Denied.**

**REQUEST FOR ADMISSION NO. 4**: Please admit that Plaintiff A.J. White, through his father Lonnie White, made at least one reasonable accommodation request to MHA that sought an exception, change, or adjustment to a rule, policy, practice, or service because of his disability on or after June 16, 2016. If your response is anything other than an unconditional admission, please fully explain why.

**RESPONSE: Admitted**

**REQUEST FOR ADMISSION NO. 5**: Please admit that prior to October 2016, MHA did not have any formal procedures or policies for disability-related accommodation requests. If your response is anything other than an unconditional admission, please fully explain why.

**RESPONSE: Admitted.**

I, Stacie Kincher, representing Meeker Housing Authority hereby swear and affirm that the **DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR ADMISSIONS TO DEFENDANT MEEKER HOUSING AUTHORITY** are true to the best of my knowledge and recollection.

Date: 2/24/17

Stacie Kincher
Meeker Housing Authority

DATED this 24th day of February, 2017.

Respectfully submitted,

GODIN & BAITY, LLC

By /s/ Stephen Baity
Stephen J. Baity
GODIN & BAITY, LLC
621 Seventeenth Street, Suite 1900
Denver, CO 80293
(303) 572-3100
sbaity@godinbaity.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2017, I electronically filed the foregoing **DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR ADMISSIONS TO DEFENDANT MEEKER HOUSING AUTHORITY ANSWER** with the Clerk of the Court using the CM/ECF system, which will send electronic notification to the following:

Siddhartha H. Rathod
Matthew J. Cron
Laura B. Wolf
RATHOD MOHAMEDBHAI, LLC
2701 Lawrence Street, Suite 100
Denver, CO 80205
*Counsel for Plaintiffs*

/s/Stephen Baity
_____
Stephen J. Baity