IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 16-cv-2304-WJM-GPG

MEGAN McFADDEN, et al,

    Plaintiffs,

v.

TOWN OF MEEKER COLORADO, et al,

    Defendants.

## ORDER REGARDING PLAINTIFFS' MOTION TO AMEND AND SUPPLEMENT THE PLEADINGS

This matter comes before the Court on Plaintiffs' motion to amend and supplement the pleadings (ECF #161)[1] (which was referred to this Magistrate Judge (ECF #162)),[2] the MHA (Meeker Housing Authority, Parker, Buckler, George and Kincher (collectively MHA Defendants)) Defendant's response (ECF #188), the Town of Meeker's response (ECF #189), Plaintiffs' reply (ECF #207), the Court's Minute Order requesting clarification (ECF #225), the

---

[1] "(ECF #161)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[2] The Court's ruling on this matter is non-dispositive as it does not remove any claim or defense from this case. *See Cuenca v. Univ. of Kansas*, 205 F. Supp.2d 1226, 1228 (D.Kan.2002) (ruling on a motion to amend is a non-dispositive decision, particularly when the Magistrate judge grants the motion). "Orders granting leave to amend are non-dispositive as they do not remove claims or defenses of a party." *Stetz v. Reeher Enterp., Inc.*, 70 F.Supp.2d 119, 120 (N.D.N.Y. 1999). Pursuant to 28 U.S.C. §636 (b)(1)(A) "A judge of the court may reconsider any pretrial matter under subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Any party may object to this non-dispositive Order within fourteen (14) days. Fed.R.Civ.P. 72(a).

1

MHA Defendant's response to the minute order (ECF #230) and Plaintiff's reply to the same (ECF #231).  The Court has reviewed each of the aforementioned documents and any attachments.  The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises.  Oral argument was not necessary to resolve this discrete issue.  In this Order, the Court addresses only the motion as it applies to the MHA Defendants and a supplemental Order will be issued with regard to the Town of Meeker if necessary.  For the following reasons, I Order that the motion to amend is **GRANTED**.

Plaintiffs move to amend to add claims seven through eleven to this action and to correspondingly add to the factual allegations in the complaint by way of support and elucidation of those new claims.  The new claims, and any opposition to the them, break down as follows:

| Claim | Plaintiff Adding | Defendant Added | Defendant Position |
|---|---|---|---|
| 7 | All Plaintiffs | MHA Defendants | not opposed |
| 8 | All Plaintiffs | MHA Defendants | not opposed |
| 9 | All Plaintiffs | MHA Defendants | not opposed |
| 10 | Plaintiff McFadden | MHA Defendants | **opposed by MHA** |
| 11 | Plaintiffs White | All Defendants | MHA does not oppose |

When ruling on a motion to amend filed after the scheduling order deadline, as this one is, I must apply a two-step analysis. First, I must determine whether the movant has established "good cause" for the sought modification pursuant to Fed.R.Civ.P. 16(b). If the answer to that preliminary question is yes, I then move on to determine if the motion should be granted under the more lenient standard of Rule 15(a) which states that "[t]he court should freely give leave when justice so requires."

> "Rule 16(b)'s 'good cause' standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may 'modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.' Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."

*Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668 (D.Colo. 2001) (internal citations removed).

With regard to the unopposed claims as set forth above I simply state that I find both the standards in Rule 16(b) and 15(a) have been met and the I Order that the motion to amend is granted as to each of those claims.[3]

This leaves to be determined the following:

Claim 10 by Plaintiff McFadden against the MHA Defendants:

---

[3] I specifically reject Plaintiffs' invitation to consider the unopposed portions of their motion as "opposed," ECF #231, p. 5. As to the language that "[i]t is improper for MHA Defendant's to barter with the Court . . ," *Id*., there is no such bartering and Plaintiffs' rhetoric is bordering on unacceptable. Plaintiffs prevailed with regard to the instant motion not because of such heated argument but in spite of it. The Court prefers well stated argument, supported by the facts and the law. As Plaintiff properly notes, any motion to extend or expand the scheduling order deadlines shall be separately filed and shall occur in accordance with the relevant rules and practice standards (which shall absolutely include a full conferral and hopefully an attempt to reach reasonable resolution).

Claim ten is for a failure to return a security deposit under C.R.S. 38-12-103. Such a claim may arise if the deposit is not returned within one month, C.R.S. 38-12-103 (1), or no later than sixty days if so agreed to in the lease. Pertinent to this argument is (3)(a) of the statute allowing treble damages, attorney fees and court costs for "willful retention." There is no real dispute that this claim is outside either the month or sixty day time period, indicating Plaintiff would have known she had not received the return of her deposit. However, Plaintiff's argument instead focuses on the "willful retention" section arguing that certain discovery responses made plain that Defendants' failure to return the security deposit was willful rather than neglectful or perhaps an inadvertent mistake.

The information in question, imbedded within a discovery dispute chart provided to this Court for resolution of another discovery matter, is that there was no letter sent to Plaintiff McFadden telling her that she was not getting her deposit back because McFadden did not provide a forwarding address and that she filed suit four days after the damage was found (ECF #161-8, pp. 1-2, April 20, 2017). Up until that answer was provided, Plaintiff perhaps believed that the known failure to return the deposit was inadvertent, not willful. While in no way opining that any perceived failure was or was not willful, the supposed production of information leading Plaintiff McFadden to believe it was willful affords good cause which could not have otherwise been known by the exercise of due diligence on behalf of Plaintiff McFadden. Therefore, Plaintiff has met their burden under Rule 16(b). As to Rule 15(a), I find that justice requires amendment of the complaint to add claim 10 under these circumstances.

For the foregoing reasons, I hereby Order that claims 7 though 11 are added and that the second amended complaint (ECF #161-2) is accepted for filing and is now the operative complaint.

Dated at Grand Junction, Colorado, this August 8, 2017.

Gordon P. Gallagher

United States Magistrate Judge