IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 16-cv-2304-WJM-GPG

MEGAN MCFADDEN,
LONNIE WHITE, and
ANTONIO "A.J." WHITE,

    Plaintiffs,

v.

MEEKER HOUSING AUTHORITY, a Property Management Company,
MELINDA PARKER,
MICHELLE BUCKLER,
EDY GEORGE, and,
STACIE KINCHER,

    Defendants.

## ORDER STRIKING AFFIRMATIVE DEFENSES

Before the Court is Plaintiffs' Motion to Dismiss or in the Alternative Strike Affirmative Defenses. (ECF No. 104.) Specifically, Plaintiffs seek to strike affirmative defenses 1, 3–5, and 7–10 from Defendants' Amended Answer (ECF No. 102). For the reasons explained below, this motion is granted.

### I. LEGAL STANDARD

Rule 12(f) permits a court to "strike from a pleading an insufficient defense." "An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance." *FDIC v. Isham*, 782 F. Supp. 524, 530 (D. Colo. 1992).

## II. ANALYSIS

### A. Affirmative Defenses 1, 3, 7, and 10

Defendants do not oppose Plaintiffs' request to strike their affirmative defenses 1, 3, 7, and 10. (ECF No. 104 at 2; ECF No. 104-1 at 1–2.) Those defenses are therefore stricken on this basis alone.

### B. Affirmative Defenses 4, 5, and 9

Affirmative defenses 4, 5, and 9 may be addressed together. They read as follows:

> 4. Plaintiffs Lonnie and Antonio "A.J." White failed to disclose A.J. White's income after he was no longer a full time student. As a result of their failure to disclose their complete income, Plaintiffs received benefits in whole or in part for which they were not eligible. Meeker Housing Authority is entitled to recoupment, reimbursement or set-off for benefits Lonnie and A.J. White wrongfully received.
>
> 5. Plaintiff, Megan McFadden intentionally or negligently made false representations to Defendant Meeker Housing Authority regarding her family's income and her marital status. Ms. McFadden made the representations in order to be eligible for Section 8 housing benefits. She also failed to disclose Levi McFadden's income in violation of the terms of her lease and the HUD requirements for eligibility for Section 8 housing benefits. She made these representations knowing the Meeker Housing Authority would rely on her representations in determining her eligibility for Section 8 housing benefits. As a result of her misrepresentations, Ms. McFadden received benefits in whole or in part for which she was not eligible. Meeker Housing Authority is entitled to recoupment, reimbursement or a set-off for benefits Ms. McFadden wrongfully received.
>
> \* \* \*
>
> 9. Defendants are entitled to a set-off from Plaintiffs' alleged damages[.]

(ECF No. 102 at 26–27.)

### 1. Whether Defendants Should Have Sought Leave to Amend

On January 6, 2017, Defendants moved for leave "to amend their Answer to remove certain affirmative defenses." (ECF No. 95 at 1.) That motion was granted. (ECF No. 99.) Defendants then filed their Amended Answer, which indeed removed some affirmative defenses, but also pleaded defenses 4, 5, and 9, which were new. (ECF No. 102 at 26–27.) Plaintiffs argue that Defendants were not given leave to add defenses, only to subtract them. (ECF No. 104 at 5–6.) Defendants respond that their new defenses were "based on" their previous defenses. (ECF No. 113 at 6.)

The Court agrees with Defendants to the extent that affirmative defenses 4, 5, and 9 are grounded in previously pleaded defenses, and that these newly pleaded defenses appear to be elaborations on previously pleaded defenses. (*See* ECF No. 82 at 26–27, ¶¶ 11–17.) That does not excuse Defendants' failure to seek leave to amend. Absent an opportunity to amend as of right, a plaintiff may not unilaterally file an amended complaint to elaborate on previously pleaded causes of action; and the Court sees no reason why a defendant should not be held to the same standard. But the Court need not strike defenses 4, 5, and 9 on this procedural basis because these defenses fail on their merits, as discussed next.

### 2. Whether Affirmative Defenses 4, 5, and 9 Are "Insufficient"

The defenses at issue all seek recoupment, reimbursement, and/or set-off. However, as Plaintiffs observe in their motion, such a theory makes no sense under the circumstances:

> Plaintiffs have alleged that Defendants provide subsidized
> housing opportunities to low-income individuals, of which
> Plaintiffs were taking part. Defendants are not
> philanthropists; they manage an apartment complex that

3

> receives federal funding, which in turn allows for Plaintiffs to
> live in subsidized housing. Defendants receive subsidies
> from the federal government known as Housing Assistance
> Payments ("HAP payments"), which make up the difference
> between the reduced rent and the market value of the units,
> thereby ensuring Defendants lose no rental income as a
> result of renting to low-income individuals.

(ECF No. 104 at 5 (citations omitted).)[1] In other words, Defendants received market rate rent, and so it is not clear what amounts could be recouped, reimbursed, or set off. If federal housing authorities were pursuing Defendants to recover overpayments, then perhaps in that circumstance Defendants might have claim against Plaintiffs in the nature of indemnity. But Defendants allege no such circumstances. Indeed, Defendants entirely ignore Plaintiffs' argument in this regard.

Defendants' failure to answer Plaintiffs' argument is deemed a concession that Plaintiffs' argument is correct. Affirmative defenses 4, 5, and 9 will be stricken.[2]

## C. Affirmative Defense 8

Defendants' affirmative defense 8 reads, in full, as follows: "Plaintiffs' claims are barred by their own breach of contract or by the terms of the contract between the parties." (ECF No. 102 at 26.) It is not clear how a party's simple breach of contract deprives them of protection under the civil rights laws at issue here (the Fair Housing Act and the Rehabilitation Act). Plaintiffs also note that Defendants have failed to

---

[1] Plaintiffs apparently refer to the program described in 24 C.F.R., subtitle B, chapter IX, part 982.

[2] As to Plaintiff McFadden specifically, Defendants further respond, "In order to be able to recover from Defendants, Plaintiff must be able to establish she was eligible to live in the Section 8 apartment complex." (ECF No. 113 at 6.) If so—and, to be clear, the present briefing is not adequate to confirm or refute this proposition—then this is an element of McFadden's claim on which she bears the burden. A defendant needs no affirmative defense to challenge an element on which the plaintiff bears the burden.

produce whatever contract is at issue, despite an obligation to do so under Federal Rule of Civil Procedure 26(a)(1)(A)(ii).  (ECF No. 104 at 8–10.)

In response, Defendants' entire explanation for affirmative defense 8 is as follows: "The terms of the lease provide[] an affirmative defense that may preclude all or some of the Plaintiffs' claims for relief."  (ECF No. 113 at 6.)  This is no more informative than the affirmative defense itself, and is deemed a concession that Defendants have no support for affirmative defense 8.  It will be stricken.

### III. CONCLUSION

For the reasons stated above, the Court ORDERS as follows:

1. Plaintiffs' Motion to Dismiss or in the Alternative Strike Affirmative Defenses (ECF No. 104) is GRANTED;

2. Defendants' affirmative defenses 1, 3, 4, 5, 7, 8, 9, and 10 (as set forth in ECF No. 102) are STRICKEN.

Dated this 25th day of August, 2017.

BY THE COURT:

_____
William J. Martinez
United States District Judge