IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 16-cv-2304-WJM-GPG

MEGAN MCFADDEN,
LONNIE WHITE, and
ANTONIO "A.J." WHITE,

    Plaintiffs,

v.

MEEKER HOUSING AUTHORITY, a Property Management Company,
MELINDA PARKER,
MICHELLE BUCKLER,
EDY GEORGE, and,
STACIE KINCHER,

    Defendants.

## ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S NONDISPOSITIVE ORDER

Before the Court is Plaintiffs' "Objections to Magistrate Judge's Orders Granting MHA Defendants' Motion to Compel Fed. R. Civ. P. 35 Psychiatric Examinations and MHA Defendants' Motion for Extension of Time to Serve IME Reports" ("Objection"). (ECF No. 240.) The Objection refers to two of United States Magistrate Judge Gordon P. Gallagher's orders filed on August 8, 2017. (*See* ECF Nos. 234 & 235.) Defendants filed no response. For the reasons set forth below the Court overrules the Objection.

### I. LEGAL STANDARD

"Discovery is a nondispositive matter . . . ." *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). When reviewing an objection to a magistrate judge's non-dispositive ruling, the Court must affirm the ruling unless it finds that the ruling is "clearly

erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).  The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks omitted).  The "contrary to law" standard permits "plenary review as to matters of law," *see* 12 Charles Alan Wright *et al.*, Federal Practice & Procedure § 3069 (2d ed., Apr. 2016 update), but the Court will set aside a magistrate judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly, *see Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002).  In short, "[b]ecause a magistrate judge is afforded broad discretion in the resolution of non-dispositive . . . disputes, the court will overrule the magistrate judge's determination only if his discretion is abused."  *Ariza*, 167 F.R.D. at 133.

## II.  BACKGROUND

The Scheduling Order, entered on January 5, 2017, set a May 5, 2017 deadline for all parties to "designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2)."  (ECF No. 94 at 17.)  On that deadline, Defendants filed a Rule 26(a)(2) disclosure, disclosing (among others) Dr. Richard F. Spiegle, Psy.D., who "is expected to testify consistent with his independent psychological examinations of Megan McFadden and A.J. White, to be scheduled, consistent with Fed.R.Civ.P. 26(a)(2)(B) [governing retained experts' reports].  Dr. Spiegle is expected to serve his reports after the forthcoming examinations."  (ECF No. 241-1 at 2.)

Eleven days later (May 16), Defendants filed a "Motion to Compel Fed.R.Civ.P. Rule 35 Psychiatric Examination" ("Rule 35 Motion").  (ECF No. 152.)  Defendants sought the Court's approval to have Dr. Spiegle conduct an independent medical examination ("IME") of Plaintiff A.J. White, and to have a till-then-undisclosed psychiatrist, Dr. Richard Kleinman, M.D., conduct an IME of Plaintiff McFadden.  (*Id.* at 9–10.)[1]

Plaintiffs responded with a number of counterarguments.  As relevant here, Plaintiffs asserted that the Rule 35 Motion should be denied because:

- under the circumstances, an IME could only be used to generate an expert report, but the deadline for expert disclosures had already passed and Defendants had made no "excusable neglect" argument under Federal Rule of Civil Procedure 6(b)(1)(B) (permitting courts to extend deadlines "after the time has expired if the party failed to act because of excusable neglect"); and

- Defendants had not demonstrated good cause to conduct IMEs of A.J. White and McFadden.

(ECF No. 184 at 3–14.)

As to Plaintiffs' procedural arguments, Defendants stated in reply that the Scheduling Order and Rule 35 "do not set a time period for requesting a Rule 35 examination."  (ECF No. 215 at 8.)  Defendants further argued that they "should not be prevented from developing relevant evidence under Rule 35 due to the uncertainty in

---

[1] Although Plaintiffs complain about this late disclosure, they do not specifically challenge it.

3

Rule 35 or the Scheduling Order. Justice requires [that] Defendants be provided the opportunity to develop evidence to respond to Plaintiffs' designated experts [regarding Plaintiffs' psychological conditions]." (*Id.* at 9.)

The Court referred the Rule 35 Motion to Judge Gallagher. (ECF No. 154.)

Three days after Plaintiffs filed their response to the Rule 35 Motion, Defendants filed a "Motion for Extension of Time to Serve Idependant [*sic*] Medical Examination Reports" ("Motion for Extension"). (ECF No. 195.) Defendants argued that "[t]he Court will not rule on Defendants' [Rule 35] Motion before the deadline to serve expert reports has passed." (*Id.* ¶ 3.) This, of course, was disingenuous: the relevant deadline had already passed. In any event, Defendants requested thirty days from the date of any IME authorized by the Court to serve their IME report. (*Id.* ¶ 5.)

Plaintiffs opposed this motion, again arguing that "excusable neglect" was the appropriate standard, that Defendants had failed to mention it, and that Defendants could not satisfy that standard in any event. (ECF No. 213.) In reply, Defendants again countered that they "should not be prevented from developing relevant evidence under Rule 35 due to the uncertainty in Rule 35 or the Scheduling Order." (ECF No. 222 ¶ 2.)

The Court referred the Motion for Extension to Judge Gallagher. (ECF No. 196.)

Judge Gallagher resolved both motions by separate orders, both dated August 8, 2017. (ECF Nos. 234, 235.) Judge Gallagher first granted the Rule 35 Motion, reasoning that A.J. White's and McFadden's mental states were genuinely at issue, thus providing good cause to authorize IMEs. (ECF No. 234 at 2–7.) As to Plaintiffs' objection regarding untimeliness, Judge Gallagher found that the parties' May 5, 2017 expert disclosures "essentially cement[ed] the full extent of the controversy over this

4

issue. . . . Under the circumstances, and with no trial date pending and discovery closing in October, I do not find that Plaintiffs' claim that the examination is untimely requested has merit." (*Id.* at 8.) Then, by text-only order, Judge Gallagher granted the Motion for Extension, allowing Defendants thirty days "from the date of the IME examinations to serve the reports of those examinations." (ECF No. 235.)

Plaintiffs timely objected to both orders. (ECF No. 240.) Plaintiffs' objection explicitly waives any challenge to Judge Gallagher's conclusion that Defendants had shown good cause for IMEs. (*See id.* at 2 n.2 ("Plaintiffs also disagree that their disabilities are genuinely in controversy under Rule 35. Plaintiffs have chosen not to file objections to this portion of the Magistrate Judge's findings based solely on the deferential review standard.").) Plaintiffs' objection instead focuses on Judge Gallagher's decisions regarding the timeliness of Defendants' requests.

### III. ANALYSIS

Plaintiffs' Objection rests on the following premises:

- The Scheduling Order required expert disclosures, including retained experts' reports, by May 5, 2017.

- The obvious purpose of the IMEs Defendants seek in this case is to generate data for a retained expert's report(s); it follows, then, that Defendants were required to move for leave to conduct IMEs and, assuming leave was granted, schedule those IMEs sufficiently in advance of May 5, 2017 to permit their retained medical examiners time to conduct an examination and compose a report by May 5, 2017.

- After May 5, 2017, Defendants moved for leave to conduct IMEs, and then

5

> for leave to amend the Scheduling Order, but without ever demonstrating excusable neglect per Rule 6(b)(1)(B).

- Judge Gallagher's orders were therefore "clearly erroneous or contrary to law." (ECF No. 240 at 5, 9, 11 & n.6, 13, 14.)[2]

The Court agrees with the first two-and-a-half premises. The Scheduling Order obviously sets a May 5, 2017 expert disclosure deadline, which Defendants did not meet because they failed to disclose expert reports on that date. And, IME reports are the sorts of expert reports that must be disclosed under Rule 26(a)(2)(B), so IME-related proceedings needed to occur sufficiently ahead of the Rule 26(a)(2)(B) deadline. *See Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 418 (S.D. Tex. 2012) (". . . Rules 26 and 35 should be read in conjunction with one another when determining the proper timing for a Rule 35 examination and the subsequent disclosure of the related report.").

Whether Rule 6(b)(1)(B) and the excusable neglect standard applies is less certain. Normally a party pursues modifications to a scheduling order through a rule no party has cited thus far, namely, Rule 16(b)(4), which establishes a good cause standard with (apparently) no distinction between outstanding and expired deadlines. But the Court need not decide whether Rule 6(b)(1)(B) or Rule 16(b)(4) is the more appropriate rule under the circumstances. Absent narrow exceptions not at issue here, *see* Rule 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."), nothing in the Federal Rules of Civil Procedure prevents the Court from extending a deadline simply in the interest of justice, without a

---

[2] Plaintiffs never specify which of these standards is the most appropriate vehicle for overturning Judge Gallagher's rulings, but instead always argue them together, in the disjunctive.

showing of good cause or excusable neglect.

Thus, it was not "contrary to law" for Judge Gallagher to extend a Scheduling Order deadline after the deadline has passed.  The appropriate question, then, is whether he committed clear error in exercising his discretion to permit IMEs and their attendant expert reports after the expert disclosure deadline.  Judge Gallagher does not say whether Defendants had shown good cause or excusable neglect, or whether he simply found it in the interest of justice to extend the deadline.  Given the deferential standard of review under Rule 72(a), the Court will presume the broadest possible reasoning, *i.e.*, that extension was in the interest of justice.

If this matter had been before the undersigned in the first instance, the undersigned likely would have reached a different conclusion, or at least granted narrower relief.  However, the undersigned cannot say that Judge Gallagher clearly erred in the relief he granted.  This is particularly true given Judge Gallagher's determination that good cause existed for the IMEs—a determination that Plaintiffs chose not to challenge.  It was thus within Judge Gallagher's discretion to conclude that the interest of justice would be served by expert testimony from both sides on the issue of Plaintiffs' respective mental states.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiffs' "Objections to Magistrate Judge's Orders Granting MHA Defendants' Motion to Compel Fed. R. Civ. P. 35 Psychiatric Examinations and MHA Defendants' Motion for Extension of Time to Serve IME Reports" (ECF No. 240) are OVERRULED.  The parties shall proceed with the IMEs on the schedule established by Judge Gallagher at ECF No. 287.

7

Dated this 2nd day of April, 2018.

BY THE COURT:

_____
William J. Martinez
United States District Judge