IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 16-cv-2304-WJM-GPG

MEGAN MCFADDEN,
LONNIE WHITE, and
ANTONIO "A.J." WHITE,

    Plaintiffs,

v.

MEEKER HOUSING AUTHORITY, a Property Management Company,
MELINDA PARKER,
MICHELLE BUCKLER,
EDY GEORGE, and,
STACIE KINCHER,

    Defendants.

## ORDER DENYING MOTION FOR INTRADISTRICT TRANSFER

Before the Court is Defendant's Motion for Intradistrict Change of Venue for Trial Pursuant to 28 U.S.C. § 1404(a)–(c) (ECF No. 404) and Defendant's Amended Motion for Intradistrict Change of Venue for Trial Pursuant to 28 U.S.C. § 1404(a)–(c) (ECF No. 405). Defendants request that the Court hold the upcoming trial in Grand Junction rather than Denver. The original motion will be denied as moot in light of the amended motion. The amended motion will be denied for the following reasons.

"A district court may order any civil action to be tried at any place within the division in which it is pending." 28 U.S.C. § 1404(c). "[T]he Tenth Circuit has not had occasion to set out standards for § 1404(c) intra-district transfers." *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, 464 F. Supp. 2d 1095, 1098

(D. Colo. 2006).  Absent better guidance, district courts have fallen back "on the factors developed under 28 U.S.C. § 1404(a), dealing with venue transfers."  *Id.*

> Factors relevant for a § 1404(a) transfer include (1) the plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.*

"The party moving to transfer . . . bears the burden of establishing that the existing forum is inconvenient."  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).  "Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed."  *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972).  A district judge's decision regarding intradistrict transfer is reviewed for "clear abuse of discretion."  *Metro. Paving Co. v. Int'l Union of Operating Eng'rs*, 439 F.2d 300, 305 (10th Cir. 1971); *Johnson v. Sedgwick Cnty. Sheriff's Dep't*, 461 F. App'x 756, 760 (10th Cir. 2012).

The Court is not convinced by Plaintiffs' argument that Defendants have tainted any Western Slope jury pool.  (ECF No. 418 at 3–5.)  Apart from that, the Court agrees with Plaintiffs that Defendants have not carried their burden to show that the balance tips strongly in favor of Grand Junction.  Although many expected witnesses may be coming from Meeker, a substantial number will be coming from elsewhere, including out-of-state locations from which it is easier to travel to Denver than to Grand Junction.  The Court also is not persuaded that the issues to be tried are of such particular importance to the Western Slope that a trial should be held there.

Finally, the Court notes the parties' request for a 7-day trial (ECF No. 410) and

the Court's grant of a 5-day trial (ECF No. 411). Although the Court trusts that the parties are preparing their cases to fit within the time allotted, the Court recognizes that presentation of evidence may be somewhat compressed and each trial day must be efficiently managed. It is much simpler to do so in Denver as compared to Grand Junction.

For all these reasons, Defendant's Motion for Intradistrict Change of Venue for Trial Pursuant to 28 U.S.C. § 1404(a)–(c) (ECF No. 404) is DENIED AS MOOT, and Defendant's Amended Motion for Intradistrict Change of Venue for Trial Pursuant to 28 U.S.C. § 1404(a)–(c) (ECF No. 405) is DENIED. The 5-day jury trial in this case REMAINS SET to commence at 8:30 a.m. on May 6, 2019, in Courtroom A801 of the Alfred A. Arraj United States Courthouse in Denver, Colorado.

Dated this 15th day of February, 2019.

BY THE COURT:

_____
William J. Martinez
United States District Judge