# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 16-cv-02304-WJM-GPG

MEGAN MCFADDEN,
LONNIE WHITE, and
ANTONIO "A.J."
WHITE,

      Plaintiffs,

v.

MEEKER HOUSING AUTHORITY,

      Defendant.

---

## PLAINTIFFS' SUPPLEMENTAL BRIEFING IN LIGHT OF COURT'S SUMMARY JUDGMENT ORDER

---

Plaintiffs Megan McFadden, Lonnie White, and A.J. White, by and through their attorneys, submit this Supplemental Briefing in Light of Court's Summary Judgment Order in Response to ECF No. 470 and state as follows:

### SUPPLEMENTAL BRIEFING IN LIGHT OF COURT'S SUMMARY JUDGMENT ORDER

On April 1, 2019, this Court ordered the parties to file supplemental briefing with respect to four pending motions found at ECF Nos. 421, 435, 440, and 441 in light of the Court's Summary Judgment Order. *See* [ECF No. 470]. Plaintiffs' supplemental briefing is as follows:

    **I.**     **Plaintiffs' Motion to Strike and Exclude Late-Disclosed and Improperly Disclosed Witnesses and Exhibits [ECF No. 421]**

Plaintiffs do not believe that the Court's Order granting in part Plaintiffs' Motion

for Summary Judgment impacts its need to rule on Plaintiffs' Motion to Strike and Exclude Late-Disclosed and Improperly Disclosed Witnesses and Exhibits [ECF No. 421]. Ultimately, however, it is difficult for Plaintiffs to inform this Court as to what matters remain in dispute, as this Motion concerns Plaintiffs attempts to strike **Defendant's** use of witnesses and evidence at trial. Thus, Plaintiffs' motion remains relevant unless and until Defendant stipulates it will not to introduce any of these witnesses or evidence at trial. Except where noted below, Plaintiffs remain unaware of Defendant's present intent regarding the matter..

    A.  Relevance of Part I

Plaintiffs continue to assert their position that Defendant should not be permitted to call at trial any witnesses previously undisclosed. On April 1, 2019, Defendant notified the Court and Plaintiffs that it no longer intends to call Tristan Goode, Gabrielle Garzon, Kayla Bolfinger, or Lonna Lee to testify. *See* Defendant's Response to Plaintiffs' Motion in Limine [ECF No. 474] at 3, n.1. Since then, Defendant has provided a Witness List to Plaintiffs indicating that outside of cross-designated witnesses, it only intends to call Ed Sands, Esq., Nicole Gorham, Esq., Lee Applegate, Esq., and James R. Murphy. *See* **Ex. 1**, *Defendant's Witness List - Draft*.[1] In turn, the only never-disclosed witnesses whose right to testify is in question are the following: Nicole Gorham, Esq., Lee Applegate, Esq., and James R. Murphy.

    B.  Relevance of Part II

Plaintiffs continue to assert their position that Defendant should not be permitted

---

[1] Defendant has not yet filed their witness list, although the parties completed their conferral several hours ago. Because the filing has yet to be submitted, Plaintiffs cannot cite to the ECF filing for this Court's ease of reference and instead must attach a draft version of Defendant's Witness List.

to call at trial any improperly disclosed witnesses. Those witnesses are "Representative from Battlement Mesa Company" and "Representative of Town of Meeker." Considering Defendant has not listed either on their Witness List, it appears that Plaintiffs' request to exclude these witnesses from testifying at trial is now moot.

C. Relevance of Part III

Plaintiffs continue to assert their position that Defendant should not be permitted to call at trial any attorney witnesses, including Nicole Gorham, Esq., Lee Applegate, Esq., and Ed Sands, Esq. Pursuant to Defendant's Response brief and their Witness List, Defendant intends to use such evidence at trial. [ECF No. 426] at Part E; **Ex. 1**.

Further, it is unclear the relevance of Mr. Sands' testimony in light of the Court's order regarding summary judgment. Specifically, Defendant has only ever taken the position that Mr. Sands reviewed the June 2016 pet policy and that he provided advice on whether a security deposit could be charged for an assistance animal. From what little Defendant has disclosed, Mr. Sands did not provide any specific advice with respect to the Whites or Ms. McFadden, let alone consult on any of the retaliatory or interfering conduct of Defendant before Defendant took such actions.

At most Mr. Sands' testimony would be relevant to the question of intent with respect to damages under the Rehabilitation Act disability discrimination claim. As Plaintiffs have repeatedly informed Defendant, they are not seeking compensatory damages under the Rehabilitation Act. *See, e.g.*, Plaintiffs' Objections to Defendant's Proposed Jury Instructions [ECF No. 482] at 5, n.1. Further, because Plaintiffs are not seeking punitive damages, Mr. Sand's testimony is also not relevant to Plaintiffs' Fair Housing Act disability discrimination claims.

In sum, Plaintiffs believe that in addition to the undue prejudice that warrants striking Mr. Sands, *see* Motion [ECF No. 421] at Part III.A, Mr. Sands should also be stricken as an irrelevant witness.  Any attempts to solicit testimony as to these matters are likewise improper under FRE 403, as the testimony would unduly mislead or confuse the jury regarding the matters that remain at issue in the case.

D. <u>Relevance of Part IV</u>

Plaintiffs continue to assert their position that Defendant should not be permitted to use at trial any late-disclosed documents.  Plaintiffs' position is based not upon the content of each piece of evidence, but upon whether a party should be permitted to use any late-disclosed evidence at trial after having intentionally withheld thousands of pages of relevant and responsive documents throughout the pendency of the case. *See, e.g.*, Plaintiffs' Motion for Entry of Judgment [ECF No. 288].  Pursuant to Defendant's Response brief, it appears Defendant intends to use such evidence at trial. *See* [ECF No. 426] at Parts A, B, C ,D.  Defendant's Exhibit List also includes the following late-disclosed documents as proposed exhibits for trial:

- 1/21/16 and 02/23/16 Affidavits of Service on Levi McFadden filed in *Finnell v. McFadden* (MHA2 4333, 4343)
- 03/27/17 Gorham email (MHA3 520-521)
- Aerial Photograph of Meeker, Colorado (MHA2 4348)
- Photographs of Karen Court (MHA2 4349-4354)
- Petition filed in *In re* ▮▮▮▮▮▮▮▮▮▮ (MHA2 4222-4225, 4236-4239)
- Response to Petition filed in *In re* ▮▮▮▮▮▮▮▮▮▮ (MHA2 4246-4255)
- Reply in support of Petition filed in *In re* ▮▮▮▮▮▮▮▮▮▮, (MHA2 4256-4261)[2]

**Ex. 2**, *Defendant's Exhibit List – Draft*.[3]

---

[2] Plaintiffs have redacted the name of the exhibit as it concerns a court case regarding a minor.
[3] Because Defendant has yet to file their exhibit list, Plaintiffs are attaching hereto the final draft version of the list they exchanged with Defendant over the lunch hour.

E. <u>Relevance of Part V</u>

The Court previously struck Plaintiffs' Part V as being more properly filed in a motion in limine. As such, there is no need to rule on this Part V as it stands.

II. **Plaintiffs' Motion to Strike Defendant's Proffered Expert Witness Pursuant to Fed. R. Evid. 702 and Request for Daubert Hearing [ECF No. 435]**

Plaintiffs do not believe that the Court's Order granting in part Plaintiffs' Motion for Summary Judgment impacts its need to rule on Plaintiffs' Motion to Strike Defendant's Proffered Expert Witness [ECF No. 435]. Specifically, Mr. McKenzie has provided no expert testimony with respect to the June and July 2016 pet policies. Instead, the expert testimony he purports to provide concerns the HUD regulatory framework as well as rebuttal testimony relating to Plaintiffs' retaliation and interference claims. Because the Court's summary judgment order did not dispose of these claims, the issues raised in the motion remain relevant.

With that said, Defendant's Witness List does not include Mr. McKenzie. *See* **Ex. 1**. Insofar as Defendant is no longer calling Mr. McKenzie to testify, Plaintiffs' request to preclude him from testifying as an expert is moot.

A. <u>Relevance of Argument, Part I</u>

Plaintiffs continue to assert their position that Mr. McKenzie is not qualified by knowledge, skill, experience, training, or education to render an expert opinion of any sort. Mr. McKenzie's opinions do not purport to speak to Plaintiffs' claims of disability discrimination. Because Mr. McKenzie's opinions go to Plaintiffs' retaliation and interference claims, this portion of Plaintiffs' motion necessitates a ruling.

B. <u>Relevance of Argument, Part II</u>

Plaintiffs continue to assert their position that Mr. McKenzie's opinions are not reliable because they are not based on sufficient facts or data. Because Mr. McKenzie's opinions go to Plaintiffs' retaliation and interference claims, this portion of Plaintiffs' motion necessitates a ruling.

C. <u>Relevance of Argument, Part III</u>

Plaintiffs continue to assert their position that Mr. McKenzie's opinions are not reliable because his experience produces erroneous results. Again, because his opinions go to Plaintiffs' retaliation and interference claims, this portion of Plaintiffs' motion necessitates a ruling insofar as Defendant intends to call Mr. McKenzie to testify.

D. <u>Relevance of Argument, Part IV</u>

Plaintiffs continue to assert their position that Mr. McKenzie intends to introduce a factual narrative under the guise of expert testimony and that insofar as he does, it should be stricken. This portion of Plaintiffs' brief speaks to the impropriety of Defendant's attempts to offer Mr. McKenzie's "expert" opinions under the guise of lay testimony, and it should be considered in conjunction with the other portions of Plaintiffs' brief.

E. <u>Relevance of Argument, Part V</u>

Plaintiffs continue to assert their position that Mr. McKenzie considers Defendant's interests to be his own and that he intends to testify as to the credibility of the parties based upon the record evidence in the case. This portion of Plaintiffs' brief speaks to the impropriety of Defendant's attempts to offer Mr. McKenzie as an expert witness given his clear biases and inappropriate bases for his purported expert

6

opinions, and it should be considered in conjunction with the other portions of Plaintiffs' brief.

### III. Plaintiffs' Amended Response to Defendant's Amended FRE Motion to Exclude Certain Opinion Testimony of Heather Staggs [ECF No. 447]

Plaintiffs do not believe that the Court's Order granting in part Plaintiffs' Motion for Summary Judgment impacts its need to rule on Defendant's Amended FRE Motion to Exclude Certain Opinion Testimony of Heather Staggs [ECF No. 440]. Specifically, Ms. Staggs has provided no expert testimony with respect to the June and July 2016 pet policies. Instead, the expert opinions she provides concern the regulatory framework under which Defendant MHA operates and speak only to Plaintiffs' retaliation and interference claims. As with Plaintiffs' motion to strike Mr. McKenzie, the evidentiary issues regarding Ms. Staggs's proposed testimony remain relevant.

#### A. Relevance of Argument, Part A

Plaintiffs continue to assert their position that Ms. Staggs is qualified to provide expert testimony regarding the regulatory framework under which housing providers operate. Because Ms. Staggs' opinions go to Plaintiffs' retaliation and interference claims, this portion of Plaintiffs' response brief necessitates a ruling.

#### B. Relevance of Argument, Part B

Plaintiffs continue to assert their position that Ms. Staggs should be permitted to testify as to her expert opinions outside of any legal conclusions. Because Ms. Staggs' opinions go to Plaintiffs' retaliation and interference claims, this portion of Plaintiffs' response brief necessitates a ruling.

#### C. Relevance of Argument, Part C

Plaintiffs continue to assert their position that Ms. Staggs' expert opinions are

reliable. Because Ms. Staggs' opinions go to Plaintiffs' retaliation and interference claims, this portion of Plaintiffs' response brief necessitates a ruling.

      D. <u>Relevance of Argument, Part D</u>

Plaintiffs continue to assert their position that Ms. Staggs' opinions are relevant to matters at issue in this case. Because Ms. Staggs' opinions go to Plaintiffs' retaliation and interference claims, this portion of Plaintiffs' response brief necessitates a ruling.

      E. <u>Relevance of Argument, Part E</u>

Plaintiffs continue to assert their position that Ms. Staggs' expert testimony will be helpful to the trier of fact. Because Ms. Staggs' opinions go to Plaintiffs' retaliation and interference claims, this portion of Plaintiffs' response brief necessitates a ruling.

      F. <u>Relevance of Argument, Part F</u>

Plaintiffs continue to assert their position that relevant case law demonstrates that courts have permitted expert testimony in a wide variety of cases. This portion of Plaintiffs' brief speaks to relevant case law in support of the overall denial of Defendant's Motion to Exclude.

   **IV.**   **Plaintiffs' Amended Response to Defendant's Amended FRE 702 Motion to Exclude Opinion Testimony of Paul Mundell [ECF No. 448]**

Plaintiffs believe that the Court's Order granting in part Plaintiffs' Motion for Summary Judgment does not impact its need to rule on Defendant's Amended FRE 702 Motion to Exclude Opinion Testimony of Paul Mundell [ECF No. 441]. Specifically, even though Plaintiffs intended to call Mr. Mundell to opine with respect to Plaintiffs' disability discrimination claims, Mr. Mundell also has expert testimony to provide relevant to Plaintiffs' pre-litigation retaliation and interference claims. Defendant's Motion to

Exclude does not seek to exclude specific opinions of Mr. Mundell so much as it argues that he should be stricken altogether as (1) unqualified to testify and (2) insofar as his opinions state legal conclusions. *See generally* ECF No. 441. Because Plaintiffs intend to call Mr. Mundell to testify, Defendant's motion remains relevant.

    A. <u>Relevance of Argument, Part A</u>

Plaintiffs continue to assert their position that Mr. Mundell is qualified to provide expert testimony regarding the use of assistance animals in housing. Because Defendant seeks to strike Mr. Mundell's testimony in its entirety – in part on the grounds that he is not qualified to testify as an expert in this field – it is necessary for this Court to consider and rule on Part A of Plaintiffs' Response brief.

    B. <u>Relevance of Argument, Part B</u>

Plaintiffs continue to assert their position that Mr. Mundell be permitted to testify to his expert opinions outside of any legal conclusions. Because Defendant seeks to strike Mr. Mundell's testimony in its entirety – in part on the grounds that he has provided legal conclusions in his opinions – it is necessary for this Court to consider and rule on Part B of Plaintiffs' Response brief.

Plaintiffs can attest that they will not be eliciting testimony regarding the following bullet points from Defendant's Motion to Exclude [ECF No. 441]: p. 6, bullet point No. 4 (re: use of term "handicap" versus "disabled"); p. 6, bullet point No. 5 (re: Title II of the ADA); p. 7, bullet point No. 10 (re: the first guideline in one of the pet policies); or p. 7, bullet point No. 11 (re: the pet policy being in violation of the FHA and Section 504). The information contained in the remaining bullet points may be necessary for background information or is relevant to Plaintiffs' pre-litigation retaliation and

interference claims. Of course, Plaintiffs will not solicit any testimony in the form of a legal conclusion. *See* Response [ECF No. 448] at Part B.

C. Relevance of Argument, Part C

Plaintiffs continue to assert their position that Mr. Mundell will be helpful to the trier of fact. Plaintiffs only intend to have Mr. Mundell opine as to matters related to Plaintiffs' retaliation and interference claims, as opposed to their disability discrimination claims, as well as to provide some background information on the specialized terminology used in this case. Because Defendant seeks to strike Mr. Mundell's testimony in its entirety, it is necessary for this Court to consider and rule on Part C of Plaintiffs' Response brief.

D. Relevance of Argument, Part D

Plaintiffs continue to assert their position that relevant case law demonstrates that courts have permitted expert testimony in a wide variety of cases. This portion of Plaintiffs' brief speaks to relevant case law in support of the overall denial of Defendant's Motion to Exclude.

Respectfully submitted this 3rd day of April 2019.

*s/ Laura B. Wolf*
RATHOD | MOHAMEDBHAI LLC
Laura B. Wolf
Siddhartha Rathod
2701 Lawrence Street, Suite 100
Denver, CO 80205
(303) 578-4400 (telephone)
(303) 578-4401 (fax)
lw@rmlawyers.com
sr@rmlawyers.com

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 3, 2019, I electronically filed the foregoing **PLAINTIFFS' SUPPLEMENTAL BRIEFING IN LIGHT OF COURT'S SUMMARY JUDGMENT ORDER** with the Clerk of the Court using the CM/ECF system, which will send electronic notification to the following:

Jon F. Sands
Reagan Larkin
Marilyn S. Chappell
Sweetbaum Sands Anderson, P.C.
1125 17th Street, Suite 2100
Denver, CO 80202
Telephone: (303) 296-3377
Fax: (303) 296-7343
jsands@sweetbaumsands.com
mchappell@sweetbaumsands.com
Rlarkin@sweetbaumsands.com

*Attorneys for Defendant Meeker Housing Authority*

                        Rathod | Mohamedbhai LLC

                        *s/ Laura B. Wolf*_____
                        Laura B. Wolf